UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEXANDRA MARIE DEAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:24-cv-00112-JAR |
| ) | |
| LAURA HAWK STOBIE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of self-represented plaintiffs' complaint titled "Joint Claim for Damages and Injunctive Relief/Criminal Complaint." The complaint is brought jointly by plaintiffs Alexandra-Marie Dean, Brooke-J Marr, Justin-E Shire, Ryan-Nicolas Brown, and Ariel-Alton against Laura H. Stobie, a guardian ad litem practicing in the St. Louis County Circuit Court. Each plaintiff is listed as "An Enfranchised Living Soul." Plaintiff Brown has filed a supplement to the complaint in which he states his own claims against defendant Stobie.

None of the plaintiffs have signed the complaint or the supplement with an original signature, and only plaintiff Brown has filed a motion to proceed without prepayment of fees and costs in this action.[1] Neither Brown's motion to proceed without payment of fees and costs or his motion and affidavit in support of request to proceed as a poor person have been signed with an original signature. (Docs. 2 and 2-1).

---

[1] The Court notes that when required to print their names, plaintiffs have typed "UD1-207 Without Prejudice" (Doc. 1 at 32-33). The Court is unaware of the meaning of these notations.

1

Under Federal Rule of Civil Procedure 11, "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Further Local Rule 2.11 recognizes a "person's name on a signature block" as a signature only if that person made "[a]n authorized filing . . . through [that] person's electronic filing account." Here, the parties provided "signatures" only through typed names in the signature blocks. *See, e.g.,* Doc. 1. Yet, none of the plaintiffs filed using an electronic filing account. *See id.* As such, their typed names fail to satisfy the Federal Rules of Civil Procedure and the Local Rules.

Additionally, under Local Rule 2.01(B), the Court requires a filing fee before a party proceeds with an action—except when a party files a motion to proceed without payment of fees. Here, no party has paid a filing fee, and only plaintiff Brown has filed a motion to proceed without paying the fee.

Further civil plaintiffs lack standing to assert claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (A party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). Because plaintiffs Dean, Marr, Shire, and Alton have neither paid the filing fee nor filed a motion to proceed without paying fees and because plaintiff Brown cannot assert their claims, the Court strikes them as plaintiffs from this action. If these plaintiffs wish to maintain separate lawsuits, they shall file their own signed complaint and either pay the filing fee or file a signed application to proceed without prepayment of fees and costs.

Because Brown has failed to sign the complaint and the motion to proceed without prepayment of fees and costs, the Court orders him to submit an amended complaint and a new motion to proceed without prepayment in this action. Although customarily, pursuant to Federal

2

Rule 11, the Court would return the unsigned documents to Brown for him to sign and return, the Court requires a new pleading because the complaint contains claims from other plaintiffs, and fails to set forth Brown's claims in a concise manner. *See* Fed. R. Civ. P. 8(d)(1). Additionally, the information contained in Brown's motion and affidavit in support of request to proceed as a poor person lists unknown debts totaling $32,000, but Brown has not identified what these debts are and whether he is required to make monthly payments. The Court is unable to make a financial determination without this information. *See* 28 U.S.C. § 1915(a); Local Rule 2.05.

The Court will require Brown to file within twenty-one days of the date of this Memorandum and Order an amended complaint on the Court's Civil Complaint form in accordance with the instructions set forth in this Memorandum and Order. He must include all claims in the action in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a). The Court cautions Brown that the filing of his amended complaint replaces the original complaint, so he must include each one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.*

The allegations in the amended complaint may not be conclusory. Instead, plaintiff must plead facts that show how the defendant is personally involved in or directly responsible for the alleged harm. If plaintiff wishes to sue a defendant in his or her individual capacity, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue a defendant in his or her individual capacity, this action may be subject to dismissal as to that defendant.

3

If plaintiff fails to file an amended complaint on the Court's form, as well as a motion to proceed without prepayment of fees and costs, within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs Alexandra Marie Dean, Brooke J. Marr, Justin E. Shire, and Ariel Alton are **STRICKEN** from this action.

**IT IS FURTHER ORDERED** that plaintiff Ryan Nicholas Brown's application to proceed in the district court without prepaying fees and costs is **DENIED without prejudice**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff Ryan Nicholas Brown with a Civil Complaint form and an Application to Proceed in the District Court without Prepaying Fees and Costs.

**IT IS FURTHER ORDERED** that within twenty-one (21) days of the date of this Memorandum and Order, plaintiff Ryan Nicholas Brown shall file an amended complaint on the Court-provided form and file a new motion to proceed without prepayment of fees and costs.

**IT IS FINALLY ORDERED** that if plaintiff Ryan Nicholas Brown fails to comply with this Memorandum and Order, this action will be dismissed without prejudice.

Dated this 24th day of May, 2024.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE